SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

Index No:
Date Filed:

—————————————————————————X

ALEXIS ROBAINA,

**SUMMONS**

                        *Plaintiff(s),*

        *-against-*

CHIPOTLE MEXICAN GRILL, INC. and
CHIPOTLE MEXICAN GRILL, INC. d/b/a CHIPOTLE
MEXICAN GRILL,

                        *Defendant(s),*

Plaintiff designates
NASSAU County
as the place of trial.
The basis of the venue is:
Location of Accident

—————————————————————————X

*To the above named Defendant(s)*

      YOU ARE HEREBY SUMMONED *to answer the complaint in this action and to
serve a copy of your answer, or, if the complaint is not served with this summons, to serve
a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of
this summons, exclusive of the day of service (or within 30 days after the service is
complete if this summons is not personally delivered to you within the State of New York);
and in case of your failure to appear or answer, judgment will be taken against you by
default for the relief demanded in the complaint.*

Dated, March 22, 2021

*Defendant(s) address(es):*

CHIPOTLE MEXICAN GRILL, INC.
c/o CORPORATION SERVICE COMPANY
80 State Street
Albany, New York 12207-2543

CHIPOTLE MEXICAN GRILL, INC.
d/b/a CHIPOTLE MEXICAN GRILL
2312 Hempstead Turnpike
East Meadow, New York 11554

LURIE & FLATOW, P.C.
Attorneys for Plaintiff(s)

BY:_____
      JAY FLATOW
420 Lexington Avenue, Suite 2920
New York, New York 10170-0002
(212) 687-1600

Case 2:21-cv-03784-JMA-SIL Document 1-2 Filed 07/06/21 Page 2 of 24 PageID #: 11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------------X
ALEXIS ROBAINA,

                Plaintiff(s),

        -against-

CHIPOTLE MEXICAN GRILL, INC. and
CHIPOTLE MEXICAN GRILL, INC. d/b/a CHIPOTLE
MEXICAN GRILL,

              Defendant(s).

-------------------------------------------------------------------X

      **VERIFIED**
      **COMPLAINT**

      Plaintiff, ALEXIS ROBAINA, complaining of the Defendants, CHIPOTLE MEXICAN

GRILL, INC. and CHIPOTLE MEXICAN GRILL, INC. d/b/a CHIPOTLE MEXICAN GRILL,

by her attorneys, LURIE & FLATOW, P.C., upon information and belief, alleges as follows:

      1.  It is hereby alleged, pursuant to CPLR 1603 that this action is exempt from

the operation of CPLR 1601, by reason of one or more exemptions provided in CPLR 1602.

      2.  That at all times hereinafter mentioned, Defendant, CHIPOTLE MEXICAN GRILL,

INC., was and still is a domestic corporation duly organized and existing under and by virtue of

the laws of the State of New York.

      3.  That at all times hereinafter mentioned, Defendant, CHIPOTLE MEXICAN GRILL,

INC., was and still is a foreign corporation duly authorized to do business in the State of New Yo

York.

INDEX NO. 603570/2021
RECEIVED NYSCEF: 03/24/2021

Case 2:21-cv-03784-JMA-SIL Document 1-2 Filed 07/06/21 Page 3 of 24 PageID #: 12

4. That at all times hereinafter mentioned, Defendant, CHIPOTLE MEXICAN GRILL, INC., was and still is an unincorporated business entity doing business in the State of New York.

5. That at all times hereinafter mentioned, Defendant, CHIPOTLE MEXICAN GRILL INC. d/b/a CHIPOTLE MEXICAN GRILL, was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

6. That at all times hereinafter mentioned, Defendant, CHIPOTLE MEXICAN GRILL INC. d/b/a CHIPOTLE MEXICAN GRILL, was and still is a foreign corporation duly authorized to do business in the State of New York.

7. That at all times hereinafter mentioned, Defendant, CHIPOTLE MEXICAN GRILL INC. d/b/a CHIPOTLE MEXICAN GRILL, was and still is an unincorporated business entity doing business in the State of New York.

8. That at all times hereinafter mentioned, the Defendant, CHIPOTLE MEXICAN GRILL, INC., owned the building and premises located at 2312 Hempstead Turnpike, in the County of Nassau, State of New York.

9. That at all times hereinafter mentioned, the Defendant, CHIPOTLE MEXICAN GRILL, INC., operated the building and premises located at 2312 Hempstead Turnpike, in the County of Nassau, State of New York.

10. That at all times hereinafter mentioned, the Defendant, CHIPOTLE MEXICAN GRILL, INC., maintained the building and premises located at 2312 Hempstead Turnpike, in the County of Nassau, State of New York.

11. That at all times hereinafter mentioned, the Defendant, CHIPOTLE MEXICAN GRILL, INC., managed the building and premises located at 2312 Hempstead Turnpike, in the County of Nassau, State of New York.

Case 2:21-cv-03784-JMA-SIL   Document 1-2   Filed 07/06/21   Page 4 of 24 PageID #: 13

12. That at all times hereinafter mentioned, the Defendant, CHIPOTLE MEXICAN GRILL, INC., rented the building and premises located at 2312 Hempstead Turnpike, in the County of Nassau, State of New York.

13. That at all times hereinafter mentioned, the Defendant, CHIPOTLE MEXICAN GRILL, INC., leased the building and premises located at 2312 Hempstead Turnpike, in the County of Nassau, State of New York.

14. That at all times hereinafter mentioned, the Defendant, CHIPOTLE MEXICAN GRILL, INC., controlled the building and premises located at 2312 Hempstead Turnpike, in the County of Nassau, State of New York.

15. That at all times hereinafter mentioned, the Defendant, CHIPOTLE MEXICAN GRILL, INC., owned a "fast food" establishment and/or restaurant known as Chipotle Mexican Grill located at 2312 Hempstead Turnpike, in the County of Nassau, State of New York.

16. That at all times hereinafter mentioned, the Defendant, CHIPOTLE MEXICAN GRILL, INC., operated a "fast food" establishment and/or restaurant known as Chipotle Mexican Grill located at 2312 Hempstead Turnpike, in the County of Nassau, State of New York.

17. That at all times hereinafter mentioned, the Defendant, CHIPOTLE MEXICAN GRILL, INC., maintained a "fast food" establishment and/or restaurant known as Chipotle Mexican Grill located at 2312 Hempstead Turnpike, in the County of Nassau, State of New York.

18. That at all times hereinafter mentioned, the Defendant, CHIPOTLE MEXICAN GRILL, INC., managed a "fast food" establishment and/or restaurant known as Chipotle Mexican Grill located at 2312 Hempstead Turnpike, in the County of Nassau, State of New York.

19. That at all times hereinafter mentioned, the Defendant, CHIPOTLE MEXICAN GRILL, INC., controlled a "fast food" establishment and/or restaurant known as Chipotle Mexican Grill located at 2312 Hempstead Turnpike, in the County of Nassau, State of New York.

20. That at all times hereinafter mentioned, the Defendant, CHIPOTLE MEXICAN GRILL, INC. d/b/a CHIPOTLE MEXICAN GRILL, owned the building and premises located at 2312 Hempstead Turnpike, in the County of Nassau, State of New York.

21. That at all times hereinafter mentioned, the Defendant, CHIPOTLE MEXICAN GRILL, INC. d/b/a CHIPOTLE MEXICAN GRILL, operated the building and premises located at 2312 Hempstead Turnpike, in the County of Nassau, State of New York.

22. That at all times hereinafter mentioned, the Defendant, CHIPOTLE MEXICAN GRILL, INC. d/b/a CHIPOTLE MEXICAN GRILL, maintained the building and premises located at 2312 Hempstead Turnpike, in the County of Nassau, State of New York.

23. That at all times hereinafter mentioned, the Defendant, CHIPOTLE MEXICAN GRILL, INC. d/b/a CHIPOTLE MEXICAN GRILL, managed the building and premises located at 2312 Hempstead Turnpike, in the County of Nassau, State of New York.

24. That at all times hereinafter mentioned, the Defendant, CHIPOTLE MEXICAN GRILL, INC. d/b/a CHIPOTLE MEXICAN GRILL, rented the building and premises located at 2312 Hempstead Turnpike, in the County of Nassau, State of New York.

25. That at all times hereinafter mentioned, the Defendant, CHIPOTLE MEXICAN GRILL, INC. d/b/a CHIPOTLE MEXICAN GRILL, leased the building and premises located at 2312 Hempstead Turnpike, in the County of Nassau, State of New York.

Case 2:21-cv-03784-JMA-SIL   Document 1-2   Filed 07/06/21   Page 6 of 24 PageID #: 15

26.   That at all times hereinafter mentioned, the Defendant,  CHIPOTLE MEXICAN

GRILL, INC. d/b/a CHIPOTLE MEXICAN GRILL, controlled the building and premises located

at 2312 Hempstead Turnpike, in the County of Nassau, State of New York.

27.   That at all times hereinafter mentioned, the Defendant, CHIPOTLE MEXICAN

GRILL, INC. d/b/a CHIPOTLE MEXICAN GRILL owned a "fast food" establishment and/or

restaurant known as CHIPOTLE MEXICAN GRILL located at 2312 Hempstead Turnpike, in the

County of Nassau, State of New York.

28.   That at all times hereinafter mentioned, the Defendant, CHIPOTLE MEXICAN

GRILL, INC. d/b/a CHIPOTLE MEXICAN GRILL operated a "fast food" establishment and/or

restaurant known as CHIPOTLE MEXICAN GRILL located at 2312 Hempstead Turnpike, in the

County of Nassau, State of New York.

29.   That at all times hereinafter mentioned, the Defendant, CHIPOTLE MEXICAN

GRILL, INC. d/b/a CHIPOTLE MEXICAN GRILL maintained a "fast food" establishment

and/or restaurant known as CHIPOTLE MEXICAN GRILL located at 2312 Hempstead

Turnpike, in the County of Nassau, State of New York.

30.   That at all times hereinafter mentioned, the Defendant, CHIPOTLE MEXICAN

GRILL, INC. d/b/a CHIPOTLE MEXICAN GRILL managed a "fast food" establishment and/or

restaurant known as CHIPOTLE MEXICAN GRILL located at 2312 Hempstead Turnpike, in the

County of Nassau, State of New York.

31.   That at all times hereinafter mentioned, the Defendant, CHIPOTLE MEXICAN

GRILL, INC. d/b/a CHIPOTLE MEXICAN GRILL controlled a "fast food" establishment and/or

restaurant known as CHIPOTLE MEXICAN GRILL located at 2312 Hempstead Turnpike, in the

County of Nassau, State of New York.

INDEX NO. 603570/2021
RECEIVED NYSCEF: 03/24/2021

Case 2:21-cv-03784-JMA-SIL  Document 1-2  Filed 07/06/21  Page 7 of 24 PageID #: 16

32.  That on or about November 13, 2018 while Plaintiff, ALEXIS ROBAINA, was a customer/patron at the premises and building and the fast food establishment and/or restaurant known as CHIPOTLE MEXICAN GRILL, located at 2312 Hempstead Turnpike, in the County of Nassau, State of New York, when, as a result of the negligence, carelessness and recklessness of the Defendants, their agents, servants and/or employees, Plaintiff, ALEXIS ROBAINA, was caused to and did slip, slide, and fall upon the wet floor, causing her to be violently precipitated thereat, thereby causing Plaintiff, ALEXIS ROBAINA, to sustain the severe and serious injuries and damages as hereinafter set forth.

33.  That the aforesaid accident, and the injuries suffered by the Plaintiff, ALEXIS ROBAINA, were caused solely and wholly by reason of the negligence, recklessness and carelessness of the Defendants, in the ownership, operation, maintenance, management and control of the aforementioned premises and building and the "fast food" establishment and/or restaurant thereat, and in causing and creating the condition complained of and/or allowing same to remain thereat and which condition the Defendants failed to correct despite prior actual and/or constructive notice and/or knowledge, and that Defendants failed to take reasonable precautions to remedy the wet, slippery and hazardous condition, and failed to maintain the premises and building in a reasonably safe condition, and such condition constituted a nuisance and was due to no fault or lack of care on the part of the Plaintiff, ALEXIS ROBAINA .

34.  That by reason of the foregoing, the Plaintiff, ALEXIS ROBAINA, suffered severe and serious injuries to her body and limbs, suffered great physical pain and nervous shock, some of which injuries are of a permanent nature.  That by reason thereof, Plaintiff,  ALEXIS ROBAINA, was caused to be treated at a hospital and thereafter confined to her bed and home for a long period of time, and was caused to and did seek medical aid, treatment and attention in

an endeavor to be cured of her said injuries, and was further caused to abstain from her usual

vocation and daily activities and to incur loss of income and other expenses.

35.  By reason of the foregoing, Plaintiff, ALEXIS ROBAINA, is entitled to recover all

her damages from the Defendants pursuant to CPLR 3017(c), the amount of which exceeds the

jurisdictional limits of all lower Courts.

WHEREFORE, pursuant to CPLR 3017(c), Plaintiff demands from the Defendants that

she be awarded all damages and relief to which she is entitled, together with the costs and

disbursements of this action.

Dated: New York, New York
        March 22, 2021

Yours, etc.
LURIE & FLATOW, P.C.
Attorneys for Plaintiff(s)

BY: _____
        JAY FLATOW
420 Lexington Avenue, Suite 2920
New York, New York 10170-0002
(212) 687-1600

Case 2:21-cv-03784-JMA-SIL Document 1-2 Filed 07/06/21 Page 9 of 24 PageID #: 18

STATE OF NEW YORK    )
COUNTY OF NEW YORK) ss.:

JAY FLATOW, an attorney at law, under the penalties of perjury, affirms the following to be true:

That he is a member of the firm of LURIE & FLATOW, P.C. attorneys for the Plaintiff(s) herein; that he has read and knows the contents of the foregoing Summons and Complaint and that the same is true to his own knowledge, except as to those matters therein stated to be alleged upon information and belief, and that as to those matters he believes it to be true.

That the source of your deponent's information is information received from the Plaintiff(s) herein and/or investigations made by your deponent's office. That the reason this verification is made by your deponent and not by the Plaintiff(s) herein is that said Plaintiff(s) do(es) not reside within the Counties wherein your deponent maintains his offices, to wit: New York County and Kings County.

DATED:  New York, New York
        March 22, 2021

_____
JAY FLATOW

SUPREME COURT
OF THE STATE OF NEW YORK

COUNTY OF NASSAU

**ALEXIS ROBAINA**

Plaintiff,
**INDEX# 603570/2021**

--- **AGAINST** ---

**AFFIDAVIT OF SERVICE**

**CHIPOTLE MEXICAN GRILL, INC., ET. AL.**

Defendant,

STATE OF NEW YORK)
                                 )SS.
COUNTY OF ALBANY )

BILLIE JO WILLIAMS being duly sworn, deposes and says:

That is over the age of eighteen years and is not a party to this action.

That on the 12th day of April, 2021, served the Summons and Verified Complaint, Notice of Electronic Filing at 2:30 p.m. on CHIPOTLE MEXICAN GRILL, INC., an authorized foreign corporation, one of the defendants in this action by personally delivering to and leaving with a person, AMY LESCH, white female with light brown hair, approximately 47 years of age, 5'6" tall and 225lbs. authorized by the Secretary of State to receive such service, at the office of the Department of State in the City of Albany, New York, duplicate copies thereof together with the sum of $40.00 (forty dollars), the statutory fee.

BILLIE JO WILLIAMS

Sworn before me this
12th day of April, 2021

LAWRENCE A. KIRSCH
  4787475
Notary Public - State of New York
Residing in Albany County
Commission Expires May 31, 2023

Case 2:21-cv-03784-JMA-SIL   Document 1-2   Filed 07/06/21   Page 11 of 24 PageID #: 20

209-21/JTN
FREEHILL HOGAN & MAHAR LLP
*Attorneys for Defendant*
*Chipotle Mexican Grill, Inc.*
80 Pine Street, 25th Floor
New York, NY 10005
T: (212) 425-1900 | F: (212) 425-1901

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
--------------------------------------------------------X
ALEXIS ROBAINA,

                       Plaintiff,

      v.

CHIPOTLE MEXICAN GRILL, INC. and
CHIPOTLE MEXICAN GRILL, INC. d/b/a
CHIPOTLE MEXICAN GRILL,

                       Defendants.
--------------------------------------------------------X

Index No. 603570/201

**STIPULATION EXTENDING
TIME TO ANSWER PLAINTIFF'S
VERIFIED COMPLAINT**

      **IT IS HEREBY STIPULATED AND AGREED** between the undersigned counsel that the time

for Defendant Chipotle Mexican Grill, Inc. to appear and respond to Plaintiff Alexis Robaina's Verified

Complaint is extended up to and including May 26, 2021

Dated:  New York, New York
       May 10, 2021

LURIE & FLATOW, P.C.

By:   Jay Flatow, Esq.
     *Attorneys for Plaintiff*
     *Alexis Robaina*
     420 Lexington Avenue,
     Suite 2920
     New York, NY 10170-0002
     jf@lurieflatow.com

FREEHILL HOGAN & MAHAR LLP

Justin T. Nastro, Esq.
*William H. Yost, Esq.*
*Attorneys for Defendant*
*Chipotle Mexican Grill, Inc.*
80 Pine St., 25th Floor
New York, NY 10005
(212) 425-1900
nastro@freehill.com
yost@freehill.com

547237.1

Case 2:21-cv-03784-JMA-SIL Document 1-2 Filed 07/06/21 Page 12 of 24 PageID #: 21

209-21/JTN
FREEHILL HOGAN & MAHAR LLP
*Attorneys for Defendant*
*Chipotle Mexican Grill, Inc.*
80 Pine Street, 25th Floor
New York, NY 10005
T: (212) 425-1900 | F: (212) 425-1901

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
---------------------------------------------------------X
ALEXIS ROBAINA,

                           Plaintiff,

      v.

CHIPOTLE MEXICAN GRILL, INC. and
CHIPOTLE MEXICAN GRILL, INC. d/b/a
CHIPOTLE MEXICAN GRILL,

                          Defendants.
---------------------------------------------------------X

Index No. 603570/201

**VERIFIED ANSWER**

        Defendant, Chipotle Mexican Grill, Inc., incorrectly named additionally as "Chipotle Mexican Grill, Inc. d/b/a Chipotle Mexican Grill" (hereinafter "Answering Defendant"), by and through its attorneys, Freehill Hogan & Mahar LLP, as and for its Verified Answer to Plaintiff's Verified Complaint, states upon information and belief as follows:

        1.     As there are no factual allegations in paragraph 1 of the Verified Complaint, no response is required; to the extent a response is required, Answering Defendant denies the allegations contained therein and leaves all questions of law for the Court.

        2.     Admits Answering Defendant is a Delaware corporation, which is authorized to do business in the State of New York, but except as so specifically admitted, denies the remaining allegations contained in paragraph 2 of the Verified Complaint.

547987.1

Case 2:21-cv-03784-JMA-SIL   Document 1-2   Filed 07/06/21   Page 13 of 24 PageID #: 22

3.     Admits Answering Defendant is a Delaware corporation, which is authorized to do business in the State of New York, but except as so specifically admitted, denies the remaining allegations contained in paragraph 3 of the Verified Complaint.

4.     Denies the allegations contained in paragraph 4 of the Verified Complaint.

5.     Denies the allegations contained in paragraph 5 of the Verified Complaint.

6.     Denies the allegations contained in paragraph 6 of the Verified Complaint.

7.     Denies the allegations contained in paragraph 7 of the Verified Complaint.

8.     Admits that Chipotle Mexican Grill of Colorado, LLC operated a Chipotle Mexican Grill restaurant located at 2312 Hempstead Turnpike, East Meadow, New York 11554 on November 13, 2018, and denies the remaining allegations contained in paragraph 8 of the Verified Complaint.

9.     Admits that Chipotle Mexican Grill of Colorado, LLC operated a Chipotle Mexican Grill restaurant located at 2312 Hempstead Turnpike, East Meadow, New York 11554 on November 13, 2018, and denies the remaining allegations contained in paragraph 9 of the Verified Complaint.

10.     Admits that Chipotle Mexican Grill of Colorado, LLC operated a Chipotle Mexican Grill restaurant located at 2312 Hempstead Turnpike, East Meadow, New York 11554 on November 13, 2018, and denies the remaining allegations contained in paragraph 10 of the Verified Complaint.

11.     Admits that Chipotle Mexican Grill of Colorado, LLC operated a Chipotle Mexican Grill restaurant located at 2312 Hempstead Turnpike, East Meadow, New York 11554 on November 13, 2018, and denies the remaining allegations contained in paragraph 11 of the Verified Complaint.

2

547987.1

Case 2:21-cv-03784-JMA-SIL  Document 1-2  Filed 07/06/21  Page 14 of 24 PageID #: 23

12.    Admits that Chipotle Mexican Grill of Colorado, LLC operated a Chipotle Mexican Grill restaurant located at 2312 Hempstead Turnpike, East Meadow, New York 11554 on November 13, 2018 pursuant to a lease agreement, and denies the remaining allegations contained in paragraph 12 of the Verified Complaint.

13.    Admits that Chipotle Mexican Grill of Colorado, LLC operated a Chipotle Mexican Grill restaurant located at 2312 Hempstead Turnpike, East Meadow, New York 11554 on November 13, 2018 pursuant to a lease agreement, and denies the remaining allegations contained in paragraph 13 of the Verified Complaint.

14.    Admits that Chipotle Mexican Grill of Colorado, LLC operated a Chipotle Mexican Grill restaurant located at 2312 Hempstead Turnpike, East Meadow, New York 11554 on November 13, 2018, and denies the remaining allegations contained in paragraph 14 of the Verified Complaint.

15.    Admits that Chipotle Mexican Grill of Colorado, LLC operated a Chipotle Mexican Grill restaurant located at 2312 Hempstead Turnpike, East Meadow, New York 11554 on November 13, 2018, and denies the remaining allegations contained in paragraph 15 of the Verified Complaint.

16.    Admits that Chipotle Mexican Grill of Colorado, LLC operated a Chipotle Mexican Grill restaurant located at 2312 Hempstead Turnpike, East Meadow, New York 11554 on November 13, 2018, and denies the remaining allegations contained in paragraph 16 of the Verified Complaint.

17.    Admits that Chipotle Mexican Grill of Colorado, LLC operated a Chipotle Mexican Grill restaurant located at 2312 Hempstead Turnpike, East Meadow, New York 11554

3

547987.1

Case 2:21-cv-03784-JMA-SIL   Document 1-2   Filed 07/06/21   Page 15 of 24 PageID #: 24

on November 13, 2018, and denies the remaining allegations contained in paragraph 17 of the Verified Complaint.

18.     Admits that Chipotle Mexican Grill of Colorado, LLC operated a Chipotle Mexican Grill restaurant located at 2312 Hempstead Turnpike, East Meadow, New York 11554 on November 13, 2018, and denies the remaining allegations contained in paragraph 18 of the Verified Complaint.

19.     Admits that Chipotle Mexican Grill of Colorado, LLC operated a Chipotle Mexican Grill restaurant located at 2312 Hempstead Turnpike, East Meadow, New York 11554 on November 13, 2018, and denies the remaining allegations contained in paragraph 19 of the Verified Complaint.

20.     Denies the allegations contained in paragraph 20 of the Verified Complaint.

21.     Denies the allegations contained in paragraph 21 of the Verified Complaint.

22.     Denies the allegations contained in paragraph 22 of the Verified Complaint.

23.     Denies the allegations contained in paragraph 23 of the Verified Complaint.

24.     Denies the allegations contained in paragraph 24 of the Verified Complaint.

25.     Denies the allegations contained in paragraph 25 of the Verified Complaint.

26.     Denies the allegations contained in paragraph 26 of the Verified Complaint.

27.     Denies the allegations contained in paragraph 27 of the Verified Complaint.

28.     Denies the allegations contained in paragraph 28 of the Verified Complaint.

29.     Denies the allegations contained in paragraph 29 of the Verified Complaint.

30.     Denies the allegations contained in paragraph 30 of the Verified Complaint.

31.     Denies the allegations contained in paragraph 31 of the Verified Complaint.

32.     Denies the allegations contained in paragraph 32 of the Verified Complaint.

4

547987.1

FILED: NASSAU COUNTY CLERK 05/25/2021 09:49 PM INDEX NO. 603570/2021

NYSCEF DOC. NO. 1 Case 2:21-cv-03784-JMA-SIL Document 1-2 Filed 07/06/21 Page 16 of 24 PageID #: 25 RECEIVED NYSCEF: 05/25/2021

33.    Denies the allegations contained in paragraph 33 of the Verified Complaint.

34.    Denies the allegations contained in paragraph 34 of the Verified Complaint.

35.    Denies the allegations contained in paragraph 35 of the Verified Complaint.

### FIRST AFFIRMATIVE DEFENSE

1.  The Verified Complaint fails to allege components of any cause of action and fails as a matter of law to state a viable claim.

### SECOND AFFIRMATIVE DEFENSE

2.  To the extent that discovery may show or demonstrate, all or part of plaintiff's claims which are the basis of this lawsuit have either been settled or adjudicated and, therefore, the doctrines of *res judicata*, collateral estoppel, payment and release, waiver, and accord and satisfaction bar plaintiff's claims against Answering Defendants.

### THIRD AFFIRMATIVE DEFENSE

3.  To the extent that discovery may show or demonstrate, plaintiff's claims are barred, in whole or in part, by the applicable Statutes of Limitations, Statute of Repose, and/or by the doctrines of laches and estoppel.

### FOURTH AFFIRMATIVE DEFENSE

4.  Plaintiff has not affected proper service of process on Answering Defendant.

### FIFTH AFFIRMATIVE DEFENSE

5.  Answering Defendant did not breach any duty, express or implied, which proximately caused or contributed to plaintiff's alleged injuries and damages.

### SIXTH AFFIRMATIVE DEFENSE

6.  Plaintiff's claims are barred, in whole or in part, by assumption of the risk contributory negligence, and/or comparative negligence.

547987.1

5

Case 2:21-cv-03784-JMA-SIL Document 1-2 Filed 07/06/21 Page 17 of 24 PageID #: 26

### SEVENTH AFFIRMATIVE DEFENSE

7.   The occurrences alleged in plaintiff's Complaint and the injuries and damages alleged therein to have been incurred by plaintiff were proximately caused, in whole or in part, by the culpable conduct of plaintiff.  Plaintiff's damages, if any, should therefore be diminished in the proportion by which plaintiff's culpable conduct caused the injuries and damages alleged in plaintiff's Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

8.      The liability of Answering Defendant, if any, which is specifically denied, is less than 50% of the total liability, if any, of all persons liable, and Answering Defendant's liability to plaintiff, if any, is limited to the amount that Answering Defendant's culpable conduct is found to have contributed to plaintiff's injuries in accordance with the provisions of Article 16 of the CPLR.

### NINTH AFFIRMATIVE DEFENSE

9.   Answering Defendant lacks actual and constructive notice of any alleged hazardous or dangerous condition.

### TENTH AFFIRMATIVE DEFENSE

10. If plaintiff suffered any injuries or damages, which is specifically denied, such injuries or damages were caused solely by or were the direct and proximate result of the negligence of plaintiff's employer(s), co-workers and/or others, said negligence constitutes a superseding cause of alleged injuries and damages to plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Answering Defendant is not vicariously liable for the alleged actions and/or inactions of any other defendant herein or any third-party.

6

547987.1

Case 2:21-cv-03784-JMA-SIL  Document 1-2  Filed 07/06/21  Page 18 of 24 PageID #: 27

## TWELFTH AFFIRMATIVE DEFENSE

12. Any liability arising out of negligence and/or strict liability of others constitutes a superseding and/or intervening cause of plaintiff's alleged injuries.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. In the event that it is judicially determined that plaintiff was injured or damaged as alleged in the Verified Complaint, all of which is specifically denied, then the acts or omissions of Answering Defendant when compared to the acts or omissions of the other parties entitles Answering Defendant to contribution and/or indemnity in accordance with its proportional share of fault to be determined in this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.    To the extent that discovery may show or demonstrate, plaintiff has failed to join feasible and necessary parties to afford a just adjudication of the cause of action alleged in the Verified Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. Answering Defendant adopt all defenses available to it under Section 402A of the Restatement (Second) of Torts as affirmative defenses to plaintiff's allegations against Answering Defendant herein.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. To the extent that discovery may show or demonstrate, plaintiff's alleged injuries, if any, were caused by plaintiff's pre-existing medical conditions, subsequent medical conditions, and the natural course of those conditions, for which Answering Defendant is not responsible.

7

547987.1

FILED: NASSAU COUNTY CLERK 05/25/2021 09:49 PM
INDEX NO. 603570/2021

NYSCEF DOC. NO.:
Case 2:21-cv-03784-JMA-SIL   Document 1-2   Filed 07/06/21   Page 19 of 24 PageID #: 28
RECEIVED NYSCEF: 05/25/2021

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.    To the extent that discovery may show or demonstrate, plaintiff, at all relevant times herein, failed to take reasonable action to mitigate the injuries and damages alleged in the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18. To the extent that discovery may show or demonstrate, Answering Defendant set forth its entitlement to an offset to the extent of any benefits received by plaintiff from any party to this matter or through any other collateral source, including workers' compensation benefits.

## NINETEENTH AFFIRMATIVE DEFENSE

19. Answering Defendant is not liable as plaintiff's exclusive remedies exist under New York State Workers' Compensation Law.

## TWENTIETH AFFIRMATIVE DEFENSE

20. The damages alleged are too remote and fail to state a cause of action.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21. Answering Defendant incorporates by reference as if more fully set forth herein all of the affirmative defenses raised by other defendants that may appear in this action to the extent that they are consistent with the positions taken by Answering Defendant in its Answer.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22. Answering Defendant reserves its right to assert any and all other affirmative defenses which discovery hereafter may reveal to be appropriate.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23. Pursuant to General Obligations Law Section 15-108, Answering Defendant is entitled to set-off.

8

547987.1

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. Any recovery by plaintiff herein must be reduced by collateral source payments pursuant to N.Y. CPLR § 4545.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. If the causes of action based upon statutory liability are founded upon any alleged oral warranties or undertakings on the part of Answering Defendant, which are specifically denied, upon which plaintiff might rely, they are inadmissible and unavailable pursuant to the provisions of the Statute of Frauds.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. That insofar as the Complaint and each cause of action considered separately alleges a cause of action to recover damages for personal injuries, the amount of damages recoverable thereon must be diminished by the plaintiff's comparative negligence, in the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused the damages.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. That the matters that are the subject of the plaintiff's Complaint are attributable to third parties over whom Answering Defendant had neither control nor right of control.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28. Answering Defendant reserves the right to amend its Answer and to assert additional cross-claims and/or otherwise counterclaims as to any party named or to be named herein, who may have, is or will be declared bankrupt or otherwise files a petition under the Bankruptcy Code.

9

547987.1

## TWENTY-NINTH AFFIRMATIVE DEFENSE

29.    That if the plaintiff secures judgment against either Answering Defendant, and if either Answering Defendant is found to be 50% or less liable, then judgment for non-economic loss as defined in Article 16 of the Civil Practice Law and Rules can only be had against the Answering Defendant to the extent the Answering Defendant is found to be liable.

## THIRTIETH AFFIRMATIVE DEFENSE

30. Answering Defendant reserves the right to move for a severance of the various allegations in the plaintiff's Verified Complaint.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

31. To the extent that discovery may show or demonstrate, plaintiff's choice of venue is improper and Answering Defendant reserves the right to move for a change of venue, including but not limited to the removal of the case to federal court on diversity jurisdiction grounds in the future.

**WHEREFORE**, having fully answered, Defendant Chipotle Mexican Grill, Inc., demands that Plaintiff's Verified Complaint be dismissed with prejudice, and for other, further and different relief as the Court may deem just and proper.

Dated:  New York, New York
        May 25, 2021

FREEHILL HOGAN & MAHAR LLP
*Attorneys for Defendant Chipotle Mexican Grill, Inc.*

By:
Justin T. Nastro
William H. Yost
Laina R. Boris
80 Pine Street, 25th Floor
New York, New York 10005
nastro@freehill.com
yost@freehill.com
Telephone:  (212) 425-1900

10

547987.1

Case 2:21-cv-03784-JMA-SIL   Document 1-2   Filed 07/06/21   Page 22 of 24 PageID #: 31

TO:    Lurie & Flatow, P.C.
        Attn: Jay Flatow, Esq.
        *Attorneys for Plaintiff*
        420 Lexington Avenue, Suite 2920
        New York, NY 10170-0002
        Tel: (212) 687-1600

11

547987.1

Case 2:21-cv-03784-JMA-SIL Document 1-2 Filed 07/06/21 Page 23 of 24 PageID #: 32

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK )

: ss:

COUNTY OF NEW YORK )

I, Justin T. Nastro, being duly sworn, deposes and says that I am not a party to the within action, am over 18 years of age and have an office and place of business in New York, New York.

On May 25, 2021, I served a true and correct copy of the within Chipotle Mexican Grill, Inc.'s **ANSWER TO VERIFIED COMPLAINT** upon:

Lurie & Flatow, P.C.
Attn: Jay Flatow, Esq.
*Attorneys for Plaintiff*
420 Lexington Avenue, Suite 2920
New York, NY 10170-0002

at the address(es) designated by said attorneys for the purpose of depositing a true copy in a pre-paid properly addressed envelope in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

Justin T. Nastro

Sworn to before me on this
25th day of May, 2021

Notary Public
Laina Rose Boris
Notary Public, State of New York
No. 02BO6397140
Qualified in New York County
Commission Expires Sept. 03, 2023

12

5

**VERIFICATION**

STATE OF NEW YORK    )

                 : ss:

COUNTY OF NEW YORK  )

        Justin T. Nastro, being duly sworn, deposes and says:

        I am an attorney duly admitted to practice before this Honorable Court and a partner with the firm of FREEHILL HOGAN & MAHAR LLP, attorneys for Defendant Chipotle Mexican Grill, Inc. in this action.

        I have read the foregoing Verified Answer to the Verified Complaint and know the contents thereof and that the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.

        The sources of my information and the grounds for my belief are derived from documents, records, correspondence and memoranda concerning the matters set forth in the Verified Answer in my file.

        This verification is being made pursuant to CPLR 3020(d)(3) by the undersigned on behalf of Defendant which does not reside within the county in which I maintain my office.

                          _____
                             Justin T. Nastro

Sworn to before me on this
25th day of May, 2021

_____
Notary Public
Laina Rose Boris
Notary Public, State of New York
No. 02BO6397140
Qualified in New York County
Commission Expires Sept. 03, 2023

13